## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD DORRANCE,<br>on behalf of Plaintiff and two classes,<br><br>Plaintiff,<br><br>vs.<br><br>ARS NATIONAL SERVICES INC.,<br><br>Defendant. | <br><br><br><br><br><br><br><br><br>FILED ELECTRONICALLY |

## **COMPLAINT – CLASS ACTION**

### I. Introduction

1. This is a class action for damages brought by a consumer seeking redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

2. On December 13, 2011, this Court (Caputo, J.) entered a decision finding that the Defendant's form letters were "subject to two different interpretations as to the accumulation of interest, rendering them deceptive" under the FDCPA. *Michalek v. ARS Nat'l. Servs. Inc.*, No. 3:11CV1374, 2011 U.S. Dist. LEXIS 142976, 2011 WL 6180498 at *4 (M.D. Pa. Dec. 13, 2011) (Caputo, J.)

3. Nevertheless, more than four months after this decision, Defendant sent Plaintiff a form letter suffering from the same defect.

4. Defendant also sent out letters which contained different settlement proposals to debtors, simultaneously. The natural result of this practice is confusion, suffered by those who receive letters with the competing settlement proposals.

## II. Jurisdiction and venue

5. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1692k(d).

6. Venue in this district is proper in that Defendant transacts business here, and the conduct complained of is alleged to have occurred here.

## III. Parties

7. Plaintiff, Edward Dorrance, is a natural person residing in Shavertown, PA.

8. Defendant, ARS National Services Inc. ("ARS") is a California corporation engaged in the business of collecting debts with a place of business located at 201 West Grand Avenue, Escondido, California 92025.

9. ARS regularly uses the mails and telephone system to collect debts throughout the United States, including Pennsylvania.

10. ARS is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. Statement of Claim

11. Within the past year, ARS was attempting to collect an alleged account ("the Account") from Plaintiff. The alleged debt was incurred for personal, family or household purposes, and not for business purposes.

12. The Account is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. ARS regularly uses the mails to attempt to collect consumer debts alleged to be due another.

14. On or about April 24, 2012, ARS caused to be mailed a letter addressed to Plaintiff. A true and correct copy of the letter is attached as <u>Exhibit A.</u> (The exhibit has been redacted to ensure financial privacy.)

15. <u>Exhibit A</u> was an attempt to collect the Account.

16. <u>Exhibit A</u> is a form letter, regularly used by ARS.

17. <u>Exhibit A</u> contained the statement "Balance: $4980.95."

18. <u>Exhibit A</u> did not state the date on which the amount allegedly due was calculated, and did not explain that interest would continue to accrue on unpaid principal.

19. <u>Exhibit A</u> could reasonably be read to have two different meanings, one of which is inaccurate.

20. Exhibit A could have meant that accruing interest and the total amount due were calculated on the date that the letter was written.

21. Alternatively, Exhibit A could have meant that the amount of the debt was static and that no interest or other fees were accruing to the account. Under such an interpretation, payment of the claimed amount would satisfy the debt in full, irrespective of when the payment was made.

22. The claimed balance continued to increase after the date of the letter.

23. Thus, the interpretation identified in ¶21 was false, in violation of 15 U.S.C. §§1692e(2)(A) and 1692(e)(10). *Michalek, supra.* See *Dragon v. I.C. Sys.*, 483 F.Supp.2d 198, 203 (D. Conn. 2007); *Snyder v. Daniel N. Gordon, P.C.*, No. 2:11CV1379, 2012 U.S. Dist. LEXIS 120659 (W.D.Wash., August 24, 2012); *Smith v. Lyons, Doughty & Veldhuis, P.C.*, No. 1:07CV5139, 2008 U.S. Dist. LEXIS 56725, 2008 WL 2885887 (D.N.J. July 23, 2008); *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393 (D. Conn. 2010), later opinion, 3:08CV802, 2012 U.S. Dist. LEXIS 50879 (D.Conn., April 11, 2012); *Jackson v. Aman Collection Serv.*, No. IP 01 C 100, 2001 U.S. Dist. LEXIS 22238, 2001 WL 1708829 (S.D. Ind. Dec. 14, 2001); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, 2:11CV13, 2011 U.S. Dist. LEXIS 88319, 2011 WL 3489685 at *5 (E.D. Tenn. Aug. 9, 2011) ("many courts have followed Miller to hold that the

"amount of debt" requirement in 15 U.S.C. § 1692g(a)(1) requires the debt collector to list the principal balance, indicate specifics about any interest that may be accruing, and include other fees that may be associated with the debt").

24. Furthermore, ARS also caused to be mailed, on April 24, 2012, a second letter addressed to Plaintiff. A true and correct copy of the letter is attached as Exhibit B. (The exhibit has been redacted to ensure financial privacy.)

25. Exhibit B carries the same defect that Exhibit A has; as previously described, as it did not state the date on which the amount allegedly due was calculated, and did not explain that interest would continue to accrue on unpaid principal, Exhibit B is capable of being interpreted in two contradictory ways.

26. In addition, Exhibit A and Exhibit B make two separate settlement proposals. Exhibit A included three settlement options, including one requiring payment of $2,988.57 on or before May 14, 2012. Exhibit B made a settlement proposal requiring payment of $1,593.90 by May 15, 2012.

27. Plaintiff was confused upon receipt of Exhibit A and Exhibit B – as any person would be if they received these form letters and found the dueling settlement proposals described in them.

28. 15 U.S.C. §1692e provides, in part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

5

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section….**
>
> **(2) The false representation of –**
>
> **(A) the character, amount, or legal status of any debt…**
>
> **[or]**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….**

29. 15 U.S.C. §1692f provides, in part, that "**a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**"

### V. Class action allegations

30. Plaintiff brings this action on behalf of two classes, pursuant to Fed. R. Civ.P. 23(a) and (b)(3).

31. "Class One" consists of all natural persons with Pennsylvania addresses who were sent a letter by ARS, in the form represented by either <u>Exhibit A</u>, <u>Exhibit B</u> or both, on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

32. "Class Two" consists of all natural persons with Pennsylvania addresses who were sent two or more letters by ARS, where

      a. Each of the letters contained a settlement proposal,

    b.    The settlement proposal in one letter was different from the proposal found in another letter,

    c.    The letters containing different settlement proposals were sent within seven days of each other, and

    d.    One of these letters was sent on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

33.    The members of each class are so numerous that joinder is impracticable.

34.    On information and belief, there are more than 50 persons who are members of Class One, and there are more than 50 persons who are members of Class Two.

35.    There are questions of law and fact common to members of the classes, which predominate over any questions that affect only individual class members.

36.    The predominant common questions for members of Class One are:

    a.    Whether <u>Exhibit A</u> is a form letter;

    b.    Whether <u>Exhibit B</u> is a form letter;

    c.    Whether ARS uses <u>Exhibit A</u> and <u>Exhibit B</u> in connection with debts on which the balance is increasing;

    d.    Whether, by failing to state that the balance may increase with the addition of interest, letters in the forms represented by <u>Exhibit A</u> and <u>Exhibit B</u> misrepresent the debt;

    e.    Whether such letters violate the FDCPA.

37.    The predominant common questions for members of Class Two are:

    a.    Whether ARS regularly sends out collection letters containing contradictory settlement proposals, and

    b.    Whether this practice violates the FDCPA.

38.    Plaintiff's claim is typical of the claims of members of the classes. All are based on the same factual and legal theories.

39.    Plaintiff will fairly and adequately represent the interests of members of the classes. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40.    A class action is superior to other alternative methods of adjudicating this dispute, in that:

    a.    Individual cases are not economically feasible;

    b.    Many debtors may not realize that their rights are violated; and

    c.    Congress prescribed class actions as a principal enforcement mechanism under the FDCPA.

### VI. Violations alleged

*COUNT I*

41. Plaintiff incorporates ¶¶1-40, and brings this claim for himself and Class One.

42. As <u>Exhibits A & B</u> did not state the date on which the amount allegedly due was calculated, and did not explain that interest would continue to accrue on unpaid principal, the form letters are capable of being interpreted in two contradictory ways.

43. Defendant's conduct violates 15 U.S.C. §§1692e and 1692f as a result.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit; and

    (3)    Such other or further relief as the Court deems proper.

*COUNT II*

44. Plaintiff incorporates ¶¶1-40, and brings this claim for himself and Class Two.

45. As <u>Exhibits A & B</u> contained contradictory settlement proposals, plaintiff was confused by them. Such confusion would be the natural result if any consumer received two settlement proposals from Defendant (including but not limited to the forms of <u>Exhibits A & B</u>) at or around the same time, if the proposals were different.

46. Defendant's conduct violates 15 U.S.C. §§1692e and 1692 as a result.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit; and

    (3)    Such other or further relief as the Court deems proper.

Respectfully submitted,

/s/ Carlo Sabatini
Carlo Sabatini, (PA 83831)
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

*Admission pro hac vice to be requested (LR 83.8.2.1) –*

/s/ Daniel A. Edelman
Daniel A. Edelman (IL 0712094)
Cathleen M. Combs (IL 0472840)
Thomas E. Soule (IL 6282139)

                                          EDELMAN, COMBS, LATTURNER
                                          & GOODWIN, LLC
                                          120 S. LaSalle Street, 18th Floor
                                          Chicago, Illinois 60603
                                          Phone (312) 739-4200
                                          Facsimile (312) 419-0379
                                          Email dedelman@edelmancombs.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ Carlo Sabatini
Carlo Sabatini